*51 The opinion of the Court was drawn up by
May, J.
The defendant claims, that the declaration in the writ is insufficient to authorize a judgment against him. His demurrer puts its sufficiency in issue, and nothing more. And, first, it is said that the recognizance declared on fails to show that the alleged offence was committed within the county of Kennebec. But this objection is found to have no foundation in fact. It is charged as having been committed " at said Augusta,” which place is described immediately before, in the complaint as set forth, as being a city in the county of Kennebec. This description of the place is, therefore, equivalent to a direct allegation that the offence was committed in that county.
2nd. It is contended that the Municipal Judge had no authority to require the accused to enter into recognizance at all, because it does not appear that he found, on the whole examination, that " there was probable cause to charge the accused,” as is required by the K. S., c. 133, § 11. The recital in the recognizance is, that he found that " there was good reason and probable cause to believe said Lake is guilty.” If there is any difference in the meaning or finding, as manifested in these different forms of expression, we fail to perceive it. Each form appears to have been used in the statutes of 1841 to conveythe same idea. It. S. of 1841, c. 171, §§ 16, 17. Under such circumstances, the dropping of one form, in the revision of 1857, c. 133, § 11, before cited, cannot be regarded as creating a new rule of judgment for the action of magistrates, in the examination or treatment of alleged offenders when brought before them. That the Municipal Judge found that the offence charged had been committed, fully appears. The recognizance therefore shows that he found all the facts necessary to justify his action in requiring bail. The case of State v. Hartwell & als., 35 Maine, 129, cited in defence, is unlike this, because of the wide difference between suspicion and probable cause to believe. In that case the magistrate did not find that the " offence had been committed,” nor that there was probable *52 cause to believe the prisoner guilty, but only that — "it appearing to me that there is good cause to suspect the said Samuel Hartwell to be guilty of said offence.” The offence was not found to have been committed, and the magistrate only suspected Hartwell to be guilty — did not believe it. See stat. 1841, c. 171, § 17.
3d. It is next objected that the Municipal Judge required but one surety when, by the R. S., c. 132, § 5, "sureties” are required. That it was the official duty of the Judge to require reasonable sureties, cannot be denied. -The whole history of the law in relation to bail, in civil as well as criminal cases, shows that such has always been the rule, not only in this country but in England. This rule applies to sheriffs as well as to magistrates. Prior to the statute of 23 Henry vx., §§ 9, 10, sheriffs were held personally responsible for the. forthcoming of prisoners committed to them custody, in all cases, whether civil or criminal; and were under no legal obligation to admit them to bail. By that statute it was made their duty " to let all persons out of prison, in any personal action or indictment of trespass, upon reasonable sureties, having sufficient within the counties where such persons were let to bail.” Crabb’s Hist. Eng. Law, c. 24, p. 366. Subsequently various statutes were passed upon the subject of bail in cases of felony; but, in the reign of William xv., these provisions were extended so that any two justices, of whom one or the other must have signed the warrant of commitment, might admit to bail any person charged with felony, in such sum and with such sureties as they might think fit. 1 Harrison’s Digest, (2d American ed.,) p. 2159. Thus, the authority and duty of letting to bail in criminal cases, which at first rested upon the sheriffs, came to be txansferi’ed to civil magistrates. The magistrates proceeded to' grant bail by taking a recognizance, while the mode pui'sued by the sheriff was by taking a bail bond. In both cases, however, the statutes authorized bail only upon the taking of sufficient sureties.
The statutes of this State and of Massachusetts are in *53 some respects similar to the English statutes, in relation to the manner of taking bail. In civil cases, the authority to take bail is vested in the sheriff; in criminal cases, it is in the magistrate who takes the examination, and, after commitment and before a verdict of guilty, or for not finding sureties, it is in any Justice of this Court, or in two justices of the peace and quorum. R. S., c. 85, § 1; c. 133, §§ 11, 14; Mass. R. S. of 1860, c. 125, § 2; c. 170, §§ 25, 36. It is also apparent, from these statutes, that sureties are required. In some of them the word " sureties” is used. In others, the language is, " may admit to bail.” This language, in view of the common law, must be understood to mean that reasonable sureties are to be taken. The power which is conferred upon magistrates or sheriffs, by these statutes, is not a judicial power. Their action under it is merely ministerial. Magistrates act for the protection of the State, as well as for the relief of the accused; and sheriffs for the protection of the creditor, as well as for the relief of the debtor. The former take bail by a recognizance, the latter by a bail bond.
The taking of a recognizance, or bail bond, is wholly collateral to the original proceeding. The recognizance taken in criminal cases is, in its nature, a civil matter. The fact that it depends upon a record, in connection with a criminal case, does not affect its character. If the magistrate had jurisdiction and authority to take it, it is subject to the same rules of construction and treatment as any other civil matter.
The authorities which are so numerous, both in England and this country, that they need not be cited, show that a bail bond, executed by the principal and one surety, is valid, notwithstanding it is the legal duty of the sheriff to require two or more sureties; and the sheriff, if he fail to do so, is held responsible to the creditor for the damages sustained. So, too, replevin bonds, notwithstanding the statute requires sufficient sureties, if executed by one only, are held valid unless the defendant objects thereto by seasonably pleading such fact in abatement of the writ. The party, for whose *54 benefit such bonds are taken, may waive the defect. The taking of but one surety, in either case, is not an'excess of authority. It is simply a failure to act up to the full extent of such authority. No reason is apparent why a recognizance with, but one surety, taken by magistrates in a criminal case, upon the application of a prisoner committed before verdict of guilty, for a bailable offence, or for not finding sureties to recognize for him, may not, for matter and effect, be regarded the same as replevin or bail bonds so executed are regarded, as an insufficient performance of a ministerial duty, but nevertheless valid so far as it goes, and obligatory upon the principal and surety; it being, so far as they are concerned, a complete execution of the requirements of the law. The provision of law requiring another or more sureties, being wholly for the benefit of the State, the surety is not injured by any neglect in this particular, any more than the principal himself would be, in cases where he is discharged from custody upon his own recognizance. In this view of the law, the defendant, who voluntarily and alone became the surety of the principal, has no ground of complaint.
4th. The next objection is, that the Municipal Judge, in ordering the recognizance, exceeded his authority in the requirements of its condition. The condition requires the party accused "personally to appear at the next term of the Supreme Judicial Court to be holden at Augusta, within and for the cóunty of Kennebec, on the fourth Tuesday of November, 1858, then and there in said Court to answer to the complaint aforesaid, abide the order of Court thereon, and not depart from said Court without license therefor.”
It is claimed that there was an excess of authority in requiring the accused personally to appear at this Court, and, to sustain this position, several cases are cited, of which the one principally relied on is that of French v. Snell, 37 Maine, 100. On looking into the case it is found that the recognizance declared on was taken upon an appeal from the judgment of a justice of the peace, in a civil suit. The R. *55 S. of 1841, o. 116, § 10, under which it was taken, required the party appealing to recognize, with no other condition except "to prosecute his appeal with effect, and pay all costs arising after the appeal.” The recognizance which was taken, among other things, required him to appear at the appellate Court. This provision, which the Court construed as requiring his personal appearance, was hold to be unauthorized. The prosecution of such appeal did not necessarily require such appearance. The cause could proceed to trial without it. The recognizance before us was taken in a case where the party accused must be personally present in this Court or his trial could not proceed. Hence the statute, c. 132, § 5, before cited, expressly authorizes the magistrate before whom the examination is had, when the offence is not within his jurisdiction, to cause the party accused to recognize for his appearance before this Court. The language, as used in'the statute, means that he shall personally appear. There was, therefore, no excess of authority in this particular. Commonwealth v. McNeil, 19 Pick. 127.
It is further urged that so much of the condition as requires the accused to answer to said complaint in this Court, is legally impossible, and therefore unauthorized. This provision does not necessarily refer to the complaint simply as a process. It may refer, and, under attending circumstances, evidently was intended to refer to the offence therein charged. The word complaint is often used in the sense of accusation. It was so used here. It must have been understood as meaning the accusation or charge contained in the complaint; or, in other words, the offence complained of. Any other meaning would be impracticable, if not senseless.
The only remaining ground of objection to the condition is, that it requires the accused to abide the order of Court upon said complaint, and not depart from said Court without license therefor. The authorities cited by the Attorney General show that such a provision is fully authorized. The authority to admit to bail, or to recognize a party accused of crime, to appear before the Court and answer, ex proprio *56 vigore,- includes the right to insert it in the condition. Whether we look at the forms which have been used from time immemorial, or to the object which such proceedings are designed to secure, or to the authorities upon the subject, we are brought to this result.
Bail is designed to be a substitute for imprisonment, and its object is to produce the same result in regard to persons who are charged with crime. The result to be accomplished by either, is simply to enforce the appearance of the party accused at the proper term of the Court, and his submission to the process and judgment of the law. The condition of a recognizance which does not go beyond this, is lawful when there is nothing in the statutes that shows that less was intended to be required. We perceive nothing in the recognizance required by the Municipal Judge which is unauthorized by the law.
The words " and not depart from said Court without license therefor,” mean, not depart from the term of the Court at which he was recognized to appear. State v. Richardson, 2 Maine, 115.
5th. The objection, that the magistrates who took the recognizance were not authorized, does not seem to be well founded. The defendant concedes that their authority is coextensive with that of the Municipal Judge, and' we have no doubt, that under the provisions of the R. S., c. 133, § 14, the recognizance taken by them is binding upon the defendant. The party bailed was in prison for a bailable offence. He had failed to offer sureties at thé time of his examination, as he might have done under the provisions of the same chapter, § 11; and it was upon his application that he was admitted to bail. Under these circumstances the magistrates had full' power to bail him by taking a recognizance with the entire condition which the Municipal Judge had required. The regularity of the proceedings of that Judge has rendered it unnecessary to determine whether they would have had that power had the irregularities contended for by the defendant, or any of them, been found to exist.
*57 6th. The position of the defendant, that the declaration in the writ is insufficient, because it does not allege that the recognizance was returned to this Court and became a matter of record, will not avail him, because enough appears in the writ to show that the law in this respect has been complied with. State v. Smith, 2 Maine, 62; Commonwealth v. Downing, 9 Mass. 520.
Upon the whole case, and especially in view of the provision in the E. S., c. 133, § 20, by which the strictness of the common law has been so modified that no action on such recognizances can be defeated for any defect in the form of the recognizance, if it can be sufficiently understood from its tenor at what Court the party was to appear, and, from the description of the offence charged, that the magistrate was authorized and required to take the same, we cannot come to any other conclusion than that the declaration is sufficient, and this action is maintained. Commonwealth v. Nye, 7 Gray, 316.

Exceptions and Demurrer overruled, and Judgment for the State.

Rice, Goodenow, and Kent, J«L, concurred;
Tenney, C. J., and Davis, J., concurred in the result.